<table>
<tr><td><strong>Fill in this information to identify the case</strong></td></tr>
</table>

United States Bankruptcy Court for the:

District of Delaware

Case number (*If known*): _____    Chapter  11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Halcón Resources Corporation** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | **RAM Energy Resources, Inc.** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20 - 0700684 |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

Principal place of business:

1000 Louisiana Street
Number    Street

Suite 6700

Houston    TX    77002
City    State    ZIP Code

Harris
County

**Mailing address, if different from principal place of business**

Number    Street

P.O. Box

City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number    Street

City    State    ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.halconresources.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other.  Specify: |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above Oil and Natural Gas Production and Exploration

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

SIC Code 1311 (NAICS Code 211111)

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement  of operations, cash-flow statement, and federal income tax return or if all of these  documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing  for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule  12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than  2 cases, attach a separate list.

☒ No
☐ Yes    District _____    When _____    Case number _____
                                              MM/ DD/ YYYY
         District _____    When _____    Case number _____
                                              MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes    Debtor    See Schedule 1                    Relationship    See Schedule 1
         District    See Schedule 1                   When    [            ]
                                                              MM / DD/ YYYY
         Case number, if known    _____

Debtor    Halcón Resources Corporation  
Name

Case number (if known)

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |

| City | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis)

☐ 1-49   ☐ 1,000-5,000   ☒ 25,001-50,000
☐ 50-99   ☐ 5,001-10,000   ☐ 50,001-100,000
☐ 100-199   ☐ 10,001-25,000   ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

(on a consolidated basis)

☐ $0-$50,000   ☐ $1,000,001-$10 million   ☐ $500,000,001-$1 billion
☐ $50,001-$100,000   ☐ $10,000,001-$50 million   ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000   ☐ $50,000,001-$100 million   ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million   ☐ $100,000,001-$500 million   ☐ More than $50 billion

**16. Estimated liabilities**

(on a consolidated basis)

☐ $0-$50,000   ☐ $1,000,001-$10 million   ☐ $500,000,001-$1 billion
☐ $50,001-$100,000   ☐ $10,000,001-$50 million   ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000   ☐ $50,000,001-$100 million   ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million   ☐ $100,000,001-$500 million   ☐ More than $50 billion

---

WEIL:\95777433\12\51351.0003

Debtor    Halcón Resources Corporation                              Case number (if known) _____
          Name

---

### Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■  The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■  I have been authorized to file this petition on behalf of the debtor.

■  I have examined the information in this petition and have a reasonable belief that the information is true and  correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed    _____07/27/2016_____
            MM / DD  / YYYY

✗    /s/ Stephen W. Herod                              Stephen W. Herod
     _____                      _____
     Signature of authorized representative of debtor   Printed name

     President
     _____
     Title

---

**18. Signature of attorney**

✗    /s/ Robert S. Brady                   Date    _____07/27/2016_____
     _____                  MM / DD / YYYY
     Signature  of attorney for debtor

     Robert S. Brady                               Joseph H. Smolinsky
     _____                  _____
     Printed Name

     Young Conaway Stargatt & Taylor, LLP          Weil, Gotshal & Manges LLP
     _____                  _____
     Firm Name

     1000 North King Street                        767 Fifth Avenue
     _____                  _____
     Number          Street

     Wilmington, DE 19801                          New York, NY 10153
     _____                  _____
     City/State/Zip

     (302) 571-6600                                (212) 310-8000
     _____                  _____
     Contact phone

     rbrady@ycst.com                               Joseph.smolinsky@weil.com
     _____                  _____
     Contact email address

     2847            DE
     _____
     Bar Number      State

---

WEIL:\95777433\12\51351.0003

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Halcón Resources Corporation.

| Company | Case Number |
| --- | --- |
| Halcón Resources Corporation | 16-_____ (    ) |
| Halcón Holdings, Inc. | 16-_____ (    ) |
| HK Resources, LLC | 16-_____ (    ) |
| The 7711 Corporation | 16-_____ (    ) |
| Halcón Gulf States, LLC | 16-_____ (    ) |
| Halcón Louisiana Operating, L.P. | 16-_____ (    ) |
| Halcón Field Services, LLC | 16-_____ (    ) |
| Halcón Energy Properties, Inc. | 16-_____ (    ) |
| Halcón Operating Co., Inc. | 16-_____ (    ) |
| Halcón Williston I, LLC | 16-_____ (    ) |
| Halcón Williston II, LLC | 16-_____ (    ) |
| Halcón Resources Operating, Inc. | 16-_____ (    ) |
| HRC Energy Louisiana, LLC | 16-_____ (    ) |
| HRC Energy Resources (WV), Inc. | 16-_____ (    ) |
| HRC Production Company | 16-_____ (    ) |
| Halcón Energy Holdings, LLC | 16-_____ (    ) |
| HRC Energy, LLC | 16-_____ (    ) |
| HK Energy, LLC | 16-_____ (    ) |
| HK Louisiana Operating, LLC | 16-_____ (    ) |
| HK Oil & Gas, LLC | 16-_____ (    ) |
| HK Energy Operating, LLC | 16-_____ (    ) |
| HRC Operating, LLC | 16-_____ (    ) |

Official Form 201A (12/15)

```
-------------------------------------------------- x
                                                   :
In re                                              :      Chapter 11
                                                   :
HALCÓN RESOURCES                                   :      Case No. 16- _____ (___)
CORPORATION                                        :
                                                   :
           Debtor.                                 :      (Jointly Administered)
                                                   :
-------------------------------------------------- x
```

**Attachment to Voluntary Petition for Non-Individuals Filing for**
**Bankruptcy under Chapter 11**

1.       If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>001-35467</u>

2.       The following financial data is the latest available information and, except as otherwise herein provided, refers to the debtor's condition on <u>March 31, 2016</u>

a.   Total assets                                          <u>$2,848,480,000</u>

b.   Total debts (including debts listed in 2.c., below)    <u>$3,148,625,000</u>

c.   Debt securities held by more than 500 holders

|  | | | | | Approximate number of holders[1] |
|---|---|---|---|---|---|
| secured ☒ | unsecured ☐ | subordinated ☐ | $812.8 million in 8.625% and 12.0% <u>Second Lien Notes</u> | | <u>100</u> |
| secured ☒ | unsecured ☐ | subordinated ☐ | $1.02 billion in 13.0% <u>Third Lien Notes</u> | | <u>125</u> |
| secured ☐ | unsecured ☒ | subordinated ☐ | $650.0 million in 9.25%, 8.875% and 9.75% <u>Unsecured Notes</u> | | <u>750</u> |

d.   Number of shares of $0.0001 par value 5.75% Cumulative Perpetual Convertible Series A Preferred Stock

    1,000,000 shares authorized; 222,454 issued <u>and outstanding</u>

e.   Number of shares of $0.0001 par value common stock

    1,340,000,000 shares authorized; 122,639,612 issued and outstanding, as <u>of July 22, 2016</u>

Comments, if any: _____

---

[1] To the best of the Debtors' knowledge and belief, as of the date of the filing of this petition, certain of the debt securities referenced in section 2(c) above are held by less than 500 holders; however, the Debtors have included such securities herein out of an abundance of caution.

3.      Brief description of debtor's business:  The Debtors are an independent energy company focused on the acquisition, production, exploration and development of onshore liquids-rich oil and natural gas assets in the United States.  The Debtors own producing oil and gas properties in Southwest Mississippi, Louisiana, Ohio, Pennsylvania, as well as additional oil and natural gas properties with varying working interests located in the Austin Chalk Trend in East Texas.  The Debtors' oil and natural gas assets also include undeveloped acreage positions in unconventional liquids-rich basins and fields primarily located in the Bakken and Three Forks formations in North Dakota and the Eagle Ford Formation in East Texas.

4.      List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: To the best of the Debtors' knowledge and belief based on third party information, as of March 31, 2016, no person or entity other than those entities set forth in the chart below directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of the Debtor.

| Shareholder | Shares Held | Percent of Common Shares Outstanding |
|---|---|---|
| Petro-Hunt Holdings, LLC[2] | 20,748,256 | 16.9% |
| CPPIB and CPPIB PMI-2[3] | 11,426,550 | 9.2% |
| HALRES LLC[4] | 7,333,335 | 5.6% |
| Goldman Sachs Asset Management[5] | 7,237,117 | 5.9% |
| Franklin Resources, Inc.[6] | 6,478,467 | 5.2% |

---

[2] The William Herbert Hunt Trust Estate ("WHHTE") does not directly own any common stock; however, as the sole member of Petro-Hunt Holdings, LLC, WHHTE may be deemed to indirectly beneficially own the common stock held of record by Petro-Hunt Holdings, LLC.

[3] According to, and based solely upon, Amendment No. 2 to Schedule 13D and Form 5 filed by Canada Pension Plan Investment Board ("CPPIB") and CPP Investment Board PMI-2 Inc. ("CPPIB PMI-2") with the SEC on June 20, 2013 and February 10, 2016. CPPIB and CPPIB PMI-2 have shared voting and dispositive power with respect to 8,775,513 shares of common stock. Includes 1,299,600 shares of common stock issuable upon the conversion of 40,000 shares of the Company's 5.75% Series A Cumulative Perpetual Convertible Preferred Stock (the "Series A Preferred Stock") beneficially owned by CPPIB.

[4] Includes 7,333,334 shares of common stock issuable upon exercise of a warrant for which HALRES LLC has sole voting and dispositive power.

[5] According to, and based solely upon, Schedule 13G filed by Goldman Sachs Asset Management and GS Investment Strategies, LLC (collectively, "GSAM") with the SEC on February 9, 2016. GSAM has shared voting power with respect to 7,007,722 shares of common stock and shared dispositive power with respect to 7,237,117 shares of common stock.

[6] According to, and based solely upon, Schedule 13G/A filed by Franklin Resources, Inc., Charles B. Johnson, Rupert H. Johnson, Jr. and Franklin Advisers, Inc. (collectively, "Franklin") with the SEC on February 5, 2016. Includes 1,202,130 shares of common stock issuable upon conversion of 37,000 shares of Series A Preferred Stock owned by Franklin.

# HALCÓN RESOURCES CORPORATION

## CERTIFICATE OF CORPORATE SECRETARY

July 27, 2016

I, Erin C. Simonson, being the duly elected and authorized Corporate Secretary of Halcón Resources Corporation, a Delaware corporation (the "**Company**"), hereby delivers this Certificate of Corporate Secretary on behalf of the Company and do hereby certify, in my capacity as a duly elected and authorized officer of the Company, that I have access to the corporate records of the Company; and

I further certify that attached hereto as Exhibit A is a true, correct, and complete copy of the resolutions duly adopted and approved by the Board of Directors of the Company on July 27, 2016, and that such resolutions (a) have not been amended, rescinded, or modified since their adoption and remain in full force and effect as of the date hereof, and (b) were adopted in accordance with the provisions of applicable law, the Amended and Restated Certificate of Incorporation, as amended, and the Fifth Amended and Restated Bylaws of the Company.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 27th day of July, 2016.

Erin C. Simonson
Corporate Secretary

**EXHIBIT A**

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF HALCÓN RESOURCES CORPORATION**

**RESOLUTIONS OF**
**THE BOARD OF DIRECTORS**
**OF**
**HALCÓN RESOURCES CORPORATION**

**July 27, 2016**

*Approval of the Plan and Disclosure Statement and Commencement of Chapter 11 Case*

WHEREAS, the Board of Directors (the "Board") of Halcón Resources Corporation, a Delaware corporation (the "Company") previously approved the Company's entry into that certain Restructuring Support Agreement (including the term sheet annexed thereto), regarding a financial restructuring (the "Restructuring") of the Company and certain of its subsidiaries, which is anticipated to be implemented through a prepackaged plan of reorganization (the "Prepackaged Plan") pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on June 20, 2016, in connection with the Restructuring, the Company commenced the process of soliciting votes for the Prepackaged Plan (the "Solicitation") including the distribution of the related materials, including but not limited to the form of the Prepackaged Plan and related Disclosure Statement, as such term is defined in the Prepackaged Plan (the "Solicitation Materials"), copies of which were previously provided to the Board; and

WHEREAS, the Solicitation was completed on July 20, 2016 and the results of the Solicitation were reported to the Board by the Company's restructuring advisors prior to the date hereof.

NOW, THEREFORE, BE IT RESOLVED, that the Solicitation Materials previously presented to the Board with respect to the Solicitation, each be, and hereby are, ratified, confirmed and approved in all respects with such non-material changes therein as the (i) Chairman and Chief Executive Officer; (ii) President; (iii) Chief Financial Officer, (iv) each Executive Vice President, (v) solely for the purposes of attesting to, or certifying as to the authenticity of documents, instruments or agreements, the Corporate Secretary or Assistant Corporate Secretary of the Company; and (vi) any other person designated  and so authorized to act (each, an "Authorized Officer"), executing the same, shall approve (which approval shall be conclusively evidenced by such Authorized Officer's execution and delivery thereof), and that the execution and delivery on the Company's behalf of the Prepackaged Plan and related Disclosure Statement by any such Authorized Officer is hereby ratified, confirmed, and approved.

RESOLVED FURTHER, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties, that a petition be filed by the Company seeking relief under the provisions of the Bankruptcy Code to effectuate the Restructuring on terms substantially consistent with the Restructuring Support Agreement and the Prepackaged Plan.

RESOLVED FURTHER, that each Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify petitions under the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time that the Authorized Officer executing the same shall determine.

*Debtor-in-Possession Financing*

WHEREAS, in connection with the Company's and certain of its subsidiaries' chapter 11 case and the Prepackaged Plan, the Company has entered into negotiations with the RBL Lenders (as defined below) and other financial institutions to provide a superpriority senior secured debtor-in-possession revolving credit facility in an aggregate principal amount of approximately $600,000,000 to be evidenced by that certain Senior Secured Debtor-in-Possession Revolving Credit Agreement, to be entered into by and among the Company, each other obligor from time to time party thereto, the lenders from time to time party thereto (the "RBL Lenders"), and JPMorgan Chase Bank, N.A., as agent for the RBL Lenders (in such capacity and together with its successors, the "RBL Agent") (together with the exhibits and schedules thereto, the "DIP Credit Agreement"); subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company (the "Debtor-in-Possession Financing");

WHEREAS, the DIP Credit Agreement includes a "continuing director" change of control provision, pursuant to which an Event of Default (as defined in the DIP Credit Agreement) will occur upon the occupation of a majority of the seats (other than vacant seats) on the Board by persons who were not (i) directors of the Company on the closing date of the DIP Credit Agreement, (ii) nominated or appointed by the Board nor (iii) approved by the Board as director candidates prior to their election (the "Continuing Director Provision");

WHEREAS, the Board has been advised that on multiple occasions during the course of the negotiations of the Debtor-in-Possession Financing (including the term sheet in connection therewith), the Company and Weil, Gotshal & Manges LLP, as counsel to the Company, requested the deletion of, or modifications to, the Continuing Director Provision, including by providing comments to such term sheet and through discussions on conference calls with Simpson Thatcher & Bartlett LLP, counsel to the RBL Agent; nonetheless, the RBL Agent and the RBL Lenders have required that the Continuing Director Provision be included in the DIP Credit Agreement;

WHEREAS, the Board has been advised that the Continuing Director Provision could impair the voting rights of the Company's shareholders if such provision is the basis for the incumbent Board refusing to elect a competing slate of directors;

WHEREAS, the Board has been advised that Delaware courts have indicated in relevant case law that, with respect to change of control provisions similar to the Continuing Director Provision, the only circumstances under which a board of directors could properly exercise its discretion not to approve an insurgent slate of directors is if the incumbent board determines "that the rival candidates lacked ethical integrity, fell within the category of known looters, or made a specific determination that the rival candidates proposed a program that would have demonstrably material adverse effects for the corporation's ability to meet its legal obligations to its creditors" (See *Kallick v. SandRidgeEnergy, Inc., et al.*, C.A. No. 8182-CS (Del. Ch. Mar. 8, 2013); and

WHEREAS, the Board has reviewed and considered the language of the Continuing Director Provision and has determined that the Company's shareholders are at a diminished risk of disenfranchisement because the Board has discretion to waive the "put" right, and the Board has concluded that better terms for the Debtor-in-Possession Financing (or any similar financing) could not be obtained without the inclusion of the Continuing Director Provision.

NOW, THEREFORE, BE IT RESOLVED, that it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the lending transactions, under the Debtor-in-Possession Financing.

RESOLVED FURTHER, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the Continuing Director Provision, the use of proceeds to repay the Revolving Credit Agreement (as defined in the Prepackaged Plan) and to make any adequate protection payments with respect to the Second Lien Notes and Third Lien Notes (each as defined in the Prepackaged Plan), substantially in the form presented to the Board with such changes therein as may be approved by any Authorized Officer, and (ii) any and all of the other agreements, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing, including, without limitation, that certain Guarantee and Collateral Agreement (the "Guarantee and Collateral Agreement") to be entered into by the guarantors under the DIP Credit Agreement and the RBL Agent (together with the DIP Credit Agreement, collectively, the "DIP Financing Documents") and the Company's performance of its obligations thereunder, including the borrowings, the granting of security interests and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved.

RESOLVED FURTHER, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and, to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Documents, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the RBL Agent or required by the DIP Credit Agreement and any other DIP Financing Documents.

RESOLVED FURTHER, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement including the granting of security interests thereunder (collectively, the "DIP Financing Transactions").

RESOLVED FURTHER, that any Authorized Officer is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Credit Agreement to secure all of the obligations and liabilities of the Company thereunder to the RBL Lenders and the RBL Agent, and to authorize, execute, verify, file and/or deliver to the RBL Agent, on behalf of the Company, all agreements, documents and instruments required by the RBL Lenders, in connection with the foregoing, including, without limitation, the Guarantee and Collateral Agreement.

RESOLVED FURTHER, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

RESOLVED FURTHER, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of

either of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable.

***Retention of Advisors***

RESOLVED FURTHER, that the law firm of Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, is hereby employed as counsel for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval.

RESOLVED FURTHER, that the law firm of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, is hereby employed as co-counsel for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval.

RESOLVED FURTHER, that the firm of PJT Partners LP, 280 Park Avenue, New York, New York 10017, is hereby employed as investment banker for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval.

RESOLVED FURTHER, that the firm of Alvarez & Marsal North America, LLC, 700 Louisiana Street, Suite 900, Houston, Texas 77002, is hereby employed as restructuring advisor for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval.

RESOLVED FURTHER, that the firm of Epiq Bankruptcy Solutions, LLC, 777 Third Avenue, Third Floor, New York, New York 10017, is hereby employed as claims, noticing and solicitation agent for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval.

RESOLVED FURTHER, that any Authorized Officer is hereby authorized, empowered, and directed to execute and file in the Company's chapter 11 case, all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, advisable or desirable in connection with the Company's chapter 11 case, including, without limitation, negotiating and obtaining the use of cash collateral, and executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with such use of cash collateral, with a view to the successful prosecution of such case.

***Approval of Lockup Agreement and Amendment to the Restructuring Support Agreement***

RESOLVED FURTHER, that the form, terms and provisions of the Lockup Agreement entered into as of July 22, 2016 with certain holders of 8.625% Senior Secured Notes and 12.0% Senior Secured Notes (the "Lockup Agreement") and the Consent and Amendment to the Restructuring Support Agreement entered into as of July 22, 2016 with certain stakeholders (the "Amendment"), are hereby, in all respects, ratified and approved.

RESOLVED FURTHER, that any Authorized Officer is hereby authorized and empowered to execute and deliver the Lockup Agreement and the Amendment, in the name of and on behalf of the Company under its corporate seal or otherwise, with such changes therein and modification and amendments thereto as such Authorized Officer may in their sole discretion approve.

RESOLVED FURTHER, that any Authorized Officer is hereby authorized and empowered to take all such further actions and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name of and on behalf of the Company under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform the Company's obligations under or in connection with the Lockup Agreement and the Amendment and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

RESOLVED FURTHER, that any and all actions taken by an Authorized Officer prior to the date of adoption of the foregoing resolutions which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as a duly authorized act of the Company in all respects and for all purposes.

### *General Authorization and Ratification*

RESOLVED FURTHER, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Company's chapter 11 case.

RESOLVED FURTHER, that any and all past actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

**Fill in this information to identify the case:**

Debtor name  Halcón Resources Corporation

United States Bankruptcy Court for the: District of Delaware

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204
## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Savings Fund Society, FSB 500 Delaware Avenue Wilmington, DE 19801 | Patrick J. Healy 302-888-7420 phealy@wsfsbank.com | Indenture Trustee to the 13.0% Third Lien Senior Secured Notes due 2022 | | – | – | – | Undetermined |
| 2 | U.S. Bank National Association, Inc. 5555 San Felipe, Suite 1150 Houston, TX  77056 | Eric Le 704-335-4589 eric.le@usbank.com | Indenture Trustee to the 9.75% Senior Notes due 2020 | | – | – | – | $322,029,762 |
| 3 | U.S. Bank National Association, Inc. 5555 San Felipe, Suite 1150 Houston, TX  77056 | Eric Le 704-335-4589 eric.le@usbank.com | Indenture Trustee to the 8.875% Senior Notes due 2021 | | – | – | – | $302,761,241 |
| 4 | U.S. Bank National Association, Inc. 5555 San Felipe, Suite 1150 Houston, TX  77056 | Eric Le 704-335-4589 eric.le@usbank.com | Indenture Trustee to the 9.25% Senior Notes due 2022 | | – | – | – | $37,920,316 |
| 5 | Weatherford International Inc. 2000 St James Place Houston, TX  77056 | Judy Duffy 713-836-4644 Judy.Duffy@ weatherford.com | Trade - AP | | – | – | – | $2,217,271 |
| 6 | TEK Industries, LLC P.O. Box 547 Mandaree, ND  56757 | Karla Schank 701-483-0086 kschank@mobasin.com | Trade - AP | | – | – | – | $1,232,182 |
| 7 | Baker Hughes P.O. Box 670968 Houston, TX  77019 | Pete Springer 713-879-3427 arcccashapplication@ bakerhughes.com | Trade - AP | | – | – | – | $965,868 |
| 8 | Simpson Thacher & Bartlett LLP 600 Travis Street, Suite 5400 Houston, TX  77002 | Karen D'Antonio 713-821-5650 Karen.D'Antonio@stblaw.com | Trade - AP | | – | – | – | $719,163 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | | |
|---|---|---|---|---|---|---|---|---|
| 9 | Chief Oilfield Services, LLC 422 4th St N New Town, ND 58763 | Tony Damian 701-334-4911 chiefoilfield@gmail.com | Trade - AP | | − | − | − | $700,836 |
| 10 | Patterson UTI Drilling Co. P.O. BOX 260111 Dallas, TX 75321 | David Riley 281-765-7160 ar@patenergy.com | Trade - AP | | − | − | − | $615,158 |
| 11 | Ft Berthold Services Trucking, LLC P.O. Box 516 Killdeer, ND 58640 | Bruno Hill 701-927-0140 ext 106 s.johnson@sbjcpa.com | Trade - AP | | − | − | − | $568,390 |
| 12 | BOS Solutions Inc 742 Scarlet Drive Grand Junction, CO 81505 | Chief Credit Officer 303-993-2798 reception@bos-solutions.com | Trade - AP | | − | − | − | $299,612 |
| 13 | Creek Oilfield Services, LLC 3250 Rock Island Place,Ste 4 Bismarck, ND 58504 | Melissa Berger 701-757-5441 melissa@creekoil.com | Trade - AP | | − | − | − | $290,280 |
| 14 | Halliburton Energy Services Inc 2601 Beltline Rd. 1-A-231 Dallas, TX 75006 | Chief Credit Officer 972-418-3220 fdunarach@halliburton.com | Trade - AP | Disputed (in part) | − | − | − | $274,407 |
| 15 | Key Energy Services 1301 McKinney, Suite 1800 Houston, TX 77010 | Chief Credit Officer 432-571-7315 arpayments@keyenergy.com | Trade - AP | | − | − | − | $271,034 |
| 16 | LEAM Drilling Systems LLC 3114 W Old Spanish Trail New Iberia, LA 70560-9326 | Chief Credit Officer 800-426-5349 Leam.ar@Leam.net | Trade - AP | | − | − | − | $253,805 |
| 17 | CTAP, LLC 2585 Trailridge Drive E Lafayette, CO 80026 | Chief Credit Officer 303-661-9475 arcorrespondence@ctapllc.com | Trade - AP | | − | − | − | $249,101 |
| 18 | Flex Leasing Power and Service LLC 6400 S Fiddler's Green Circle #840 Greenwood Village, CO 80111 | Lisa Wills 720-515-9075 jackerman@flexleasingpower.com | Trade - AP | | − | − | − | $201,626 |
| 19 | TEK Energy Services 9296 BIA RT 12 Mandaree, ND 58757 | Sue Benson 701-759-3900 sue.benson@teknd.com | Trade - AP | | − | − | − | $198,958 |
| 20 | Diamond Willow Energy LLC P.O. Box 1037 Carlsbad, CA 92018 | Chief Credit Officer 760-929-6900 remittance@ecapital.com | Trade - AP | | − | − | − | $175,899 |
| 21 | DNOW L.P. 7909 Parkwood Circle Drive Houston, TX 77036 | Linda Scruggs 713-237-3700 Linda.Scruggs@dnow.com | Trade - AP | Disputed (in part) | − | − | − | $158,029 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| 22  BWS Construction, LLC 1310 E Milam Mexia, TX 76667 | Chief Credit Officer 254-562-5404 manglin_bwsconstruction@hotmail.com | Trade - AP | | – | – | – | $155,390 |
| 23  M I Swaco P.O. Box 42842 Houston, TX 77242-2842 | Chief Credit Officer 281-285-1543 mmcclendon@slb.com | Trade - AP | | – | – | – | $150,447 |
| 24  Northern Energy Services LLC P.O. Box 787 Tioga, ND 58852 | Chief Credit Officer 701-664-4000 ofcmgr@nes-nd.com | Trade - AP | | – | – | – | $120,568 |
| 25  Power Service Inc P.O. Box 2870 Casper, WY 82602 | Chief Credit Officer 307-472-7722 sales@powerserviceinc.com | Trade - AP | | – | – | – | $115,185 |
| 26  Standard & Poor's 2542 Collection Center Drive Chicago, IL 60693 | Christina Lopez 800-767-1896 christina_lopez@sandp.com | Trade - AP | | – | – | – | $115,000 |
| 27  CDM Resource Management, LLC 20405 Tomball Parkway, Suite 700 Houston, TX 77070 | David Stolz 281-376-2980 CDMbilling@cdmrm.com | Trade - AP | Disputed (in part) | – | – | $111,549 |
| 28  Warberg, et. al. v. GeoResources, Inc. O'Melveny & Myers LLP Seven Times Square New York, NY 10036 | Tancred V. Schiavoni 212-326-2000 tschiavoni@omm.com | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 29  Jolene Burr, et al. v. XTO Energy, Inc., et al. Pringle & Herigstad, PC P.O. Box 1000 Minot, ND 58702 | Reed A. Soderstrom 701-852-0381 rsoderstrom1611@gmail.com | Litigation | Contingent, Unliquidated, Disputed | – | – | Undetermined |
| 30  In re Halcón Resources Corporation Stockholder Litigation Friedman Oster & Tejtel PLLC 240 East 79th Street, Suite A New York, NY 10075 | Jeremy Friedman 888-529-1108 jfriedman@fotpllc.com | Litigation | Contingent, Unliquidated, Disputed | – | – | Undetermined |

**Fill in this information to identify the case and this filing:**

Debtor Name <u>Halcón Resources Corporation</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (If known): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____<u>07/27/2016</u>____     × ___/s/ Stephen W. Herod_____
          MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                            <u>Stephen W. Herod</u>
                                            Printed name

                                            <u>President</u>
                                            Position or relationship to debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------x
                                    :
In re                               :        Chapter 11
                                    :
HALCÓN RESOURCES                    :        Case No. 16-_____ (___)
CORPORATION, et al.,                :
                                    :        Joint Administration Requested
        Debtors.¹                   :
-------------------------------------------------x
```

## CONSOLIDATED CORPORATE OWNERSHIP
## STATEMENT PURSUANT TO FED. R. BANK. P. 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy

Procedure, Halcón Resources Corporation ("**Holdings**"), and certain of its subsidiaries and

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), respectfully represent:

1.      To the best of the Debtors' knowledge and belief, based on third party

    information and publicly filed disclosures: (i) no person or entity other

    than Petro-Hunt Holdings, LLC[2] (16.9%) directly or indirectly owns 10%

    or more of Holdings' common stock; and (ii) no person or entity other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Halcón Resources Corporation (0684); Halcón Holdings, Inc. (5102); HK Resources, LLC (9194); The 7711 Corporation (4003); Halcón Gulf States, LLC (2976); Halcón Louisiana Operating, L.P. (9727); Halcón Field Services, LLC (0280); Halcón Energy Properties, Inc. (5292); Halcón Operating Co., Inc. (3588); Halcón Williston I, LLC (9550); Halcón Williston II, LLC (9676); Halcón Resources Operating, Inc. (4856); HRC Energy Louisiana, LLC (1433); HRC Energy Resources (WV), Inc. (2713); HRC Production Company (3501); Halcón Energy Holdings, LLC (0538); HRC Energy, LLC (5010); HK Energy, LLC (8956); HK Louisiana Operating, LLC (4549); HK Oil & Gas, LLC (0502); HK Energy Operating, LLC (8107); HRC Operating, LLC (5129).  The Debtors' mailing address is 1000 Louisiana Street, Suite 6700, Houston, Texas 77002.

[2] The William Herbert Hunt Trust Estate ("**WHHTE**") does not directly own any common stock; however, as the sole member of Petro-Hunt Holdings, LLC, WHHTE may be deemed to indirectly beneficially own the common stock held of record by Petro-Hunt Holdings, LLC.

than Franklin Advisors, Inc. (16.6%), Thornburg Investment Management (11.0%), and the Canadian Pension Plan Investment Board (18.0%) directly or indirectly owns 10% or more of Holdings' Series A convertible preferred stock.

2.      One hundred percent (100%) of the equity of Halcón Holdings, Inc. ("**Halcón Holdings**") is directly owned by Holdings.

3.      One hundred percent (100%) of the membership interests in HK Resources, LLC is directly owned by Halcón Holdings and indirectly owned by Holdings.

4.      One hundred percent (100%) of the equity of The 7711 Corporation is directly owned by HK Resources, LLC and indirectly owned by Halcón Holdings and Holdings.

5.      One hundred percent (100%) of the membership interests in Halcón Gulf States, LLC ("**Halcón Gulf**") is directly owned by Halcón Holdings and indirectly owned by Holdings.

6.      One percent (1%) of the partnership interests of Halcón Louisiana Operating, L.P. ("**Halcón Louisiana Operating**") is directly held by Halcón Gulf, as general partner, and ninety-nine percent (99%) of Halcón Louisiana Operating's partnership interests is directly held by Halcón Operating Co., Inc., as limited partner.  Halcón Louisiana Operating is indirectly owned by Halcón Energy Properties, Inc. ("**Halcón Energy Properties**"), Halcón Holdings and Holdings.

7.      One hundred percent (100%) of the membership interests in Halcón Field

2

Services, LLC is directly owned by Halcón Holdings and indirectly owned by Holdings.

8.     One hundred percent (100%) of the equity of Halcón Energy Properties is directly owned by Halcón Holdings and indirectly owned by Holdings.

9.     One hundred percent (100%) of the equity of Halcón Operating Co., Inc. is directly owned by Halcón Energy Properties and indirectly owned by Halcón Holdings and Holdings.

10.    One hundred percent (100%) of the membership interests in Halcón Williston I, LLC is directly owned by Halcón Energy Properties and indirectly owned by Halcón Holdings and Holdings.

11.    One hundred percent (100%) of the membership interests in Halcón Williston II, LLC is directly owned by Halcón Energy Properties and indirectly owned by Halcón Holdings and Holdings.

12.    One hundred percent (100%) of the equity of Halcón Resources Operating, Inc. ("**Halcón Resources Operating**") is directly owned by Holdings.

13.    One hundred percent (100%) of the membership interests in HRC Energy Louisiana, LLC is directly owned by Halcón Resources Operating and indirectly owned by Holdings.

14.    One hundred percent (100%) of the equity of HRC Energy Resources (WV), Inc. is directly owned by Halcón Resources Operating and indirectly owned by Holdings.

15.    One hundred percent (100%) of the equity of HRC Production Company

WEIL:\95618398\8\51351.0003

is directly owned by Halcón Resources Operating and indirectly owned by Holdings.

16.    One hundred percent (100%) of the membership interests in Halcón Energy Holdings, LLC ("**Halcón Energy Holdings**") is directly owned by Holdings.

17.    One hundred percent (100%) of the membership interests in HRC Energy, LLC is directly owned by Halcón Energy Holdings and indirectly owned by Holdings.

18.    One hundred percent (100%) of the membership interests in HK Energy, LLC ("**HK Energy**") is directly owned by Halcón Energy Holdings and indirectly owned by Holdings.

19.    One hundred percent (100%) of the membership interests in HK Louisiana Operating, LLC is directly owned by HK Energy and indirectly owned by Halcón Energy Holdings and Holdings.

20.    One hundred percent (100%) of the membership interests in HK Oil & Gas, LLC is directly owned by HK Energy and indirectly owned by Halcón Energy Holdings and Holdings.

21.    One hundred percent (100%) of the membership interests in HK Energy Operating, LLC is directly owned by HK Energy and indirectly owned by Halcón Energy Holdings and Holdings.

22.    One hundred percent (100%) of the membership interests in HRC Operating, LLC is directly owned by Halcón Energy Holdings and indirectly by Holdings.

4

23.    Attached hereto as **<u>Exhibit A</u>** is an organizational chart reflecting all of

the ownership interests of the Debtors and their non-debtor affiliates.

Dated: July 27, 2016
       Wilmington, Delaware


               Halcón Resources Corporation
               (for itself and on behalf of the other Debtors)


               /s/ Stephen W. Herod
               Name:   Stephen W. Herod
               Title:     President

WEIL:\95618398\8\51351.0003

**Exhibit A**

**Organizational Chart**



# ORGANIZATIONAL CHART
### (AS OF JANUARY 30, 2015)

**DOMESTIC JURISDICTION:**



- Delaware
- Colorado
- Texas
- Oklahoma

**HALCÓN RESOURCES CORPORATION**

**HALCÓN HOLDINGS, INC.**

**HALCÓN RESOURCES OPERATING, INC.**

**HALCÓN ENERGY HOLDINGS, LLC**

**HK RESOURCES, LLC**

**HALCÓN GULF STATES, LLC**

**HALCÓN FIELD SERVICES, LLC**

**HALCÓN ENERGY PROPERTIES, INC.**

**HRC ENERGY LOUISIANA, LLC**

**HRC ENERGY RESOURCES (WV), INC.**

**HRC PRODUCTION COMPANY**

**HRC ENERGY, LLC**

**HK ENERGY, LLC**

**HRC OPERATING, LLC**

**THE 7711 CORPORATION**

70% Common

30% Common

**HK TMS, LLC***

**HALCÓN OPERATING CO., INC.**

**HALCÓN WILLISTON I, LLC**

**HALCÓN WILLISTON II, LLC**

**HK LOUISIANA OPERATING, LLC**

**HK OIL & GAS, LLC**

**HK ENERGY OPERATING, LLC**

GP 1%

**HALCÓN LOUISIANA OPERATING, L.P.**

LP 99%

GP 30%

**SBE PARTNERS, LP†**

* Preferred Membership Interest in HK TMS, LLC is owned by third-party, unaffiliated Investors

* Entities with segmented borders are non-Debtor affiliates

**Fill in this information to identify the case and this filing:**

Debtor Name __Halcón Resources Corporation, *et al.*__

United States Bankruptcy Court for the: __District of Delaware__

Case number (If known): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ *Other document that requires a declaration*      __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____07/27/2016_____
MM / DD / YYYY

× __/s/ Stephen W. Herod__
Signature of individual signing on behalf of debtor

__Stephen W. Herod__
Printed name

__President__
Position or relationship to debtor