# EXHIBIT A

**Proposed Order**

WEIL:\95781420\11\51351.0003

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------x
                                        :

In re                                    :         Chapter 11

**HALCÓN RESOURCES**           :         Case No. 16-11724 (BLS)
**CORPORATION,** *et al.*,         :
                                      :         Jointly Administered
            Debtors.[1]                :
---------------------------------------------------------x    Re: Docket No.

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED.
R. BANKR. P. 2014, AND  LOCAL RULE 2014-1 (I) AUTHORIZING
THE EMPLOYMENT AND RETENTION OF PJT PARTNERS LP AS
INVESTMENT BANKER, *NUNC PRO TUNC* TO THE PETITION DATE, AND
(II) WAIVING INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(D)**

Upon the application, dated August 1, 2016 (the "**Application**")[2] of Halcón Resources Corporation ("**Holdings**") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for (i) authority to employ and retain PJT Partners LP ("**PJT**") as investment banker to the Debtors in the Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date, pursuant to the terms of the Engagement Agreement and (ii) a waiver of certain information requirements of Local Rule 2016-2 and excusing compliance with certain guidelines set forth in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Halcón Resources Corporation (0684); Halcón Holdings, Inc. (5102); HK Resources, LLC (9194); The 7711 Corporation (4003); Halcón Gulf States, LLC (2976); Halcón Louisiana Operating, L.P. (9727); Halcón Field Services, LLC (0280); Halcón Energy Properties, Inc. (5292); Halcón Operating Co., Inc. (3588); Halcón Williston I, LLC (9550); Halcón Williston II, LLC (9676); Halcón Resources Operating, Inc. (4856); HRC Energy Louisiana, LLC (1433); HRC Energy Resources (WV), Inc. (2713); HRC Production Company (3501); Halcón Energy Holdings, LLC (0538); HRC Energy, LLC (5010); HK Energy, LLC (8956); HK Louisiana Operating, LLC (4549); HK Oil & Gas, LLC (0502); HK Energy Operating, LLC (8107); HRC Operating, LLC (5129).  The Debtors' mailing address is 1000 Louisiana Street, Suite 6700, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

the Revised U.S. Trustee Fee Guidelines, all as more fully set forth in the Application; and upon consideration of the Herod Declaration, Coleman Declaration, and the Cuminale Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and the Court being satisfied that PJT has the capability and experience to provide the services described in the Application and that PJT does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain and employ PJT as investment banker to the Debtors in the Chapter 11 Cases, pursuant to the terms and conditions set forth in the Application and the Engagement Agreement, *nunc pro tunc* to the Petition Date.

3. Except to the extent set forth herein, the Engagement Agreement (together with all annexes thereto), including without limitation the Fee Structure, is approved pursuant to Bankruptcy Code sections 327(a) and 328(a), and the Debtors are authorized and directed to

perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Agreement. Subject to Paragraph 6 of this Order, all compensation, reimbursement of expenses, indemnification, contribution, and reimbursement to PJT and any Indemnified Party (as defined in the Engagement Agreement) under the Engagement Agreement shall be subject to review only pursuant to the standards set forth in Bankruptcy Code section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review including, but not limited to, that set forth in Bankruptcy Code section 330.

4.      The Debtors are authorized to pay PJT's fees and to reimburse PJT for its reasonable costs and expenses as provided in the Engagement Agreement, including, but not limited to, travel and lodging, direct identifiable data processing, document production, publishing services and communication charges, courier services, working meals, and reasonable fees and expenses of PJT's outside counsel (without the requirement that the retention of such counsel be approved by this Court). In the event that PJT seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in PJT's own applications, both interim and final, and these invoices and time records shall be subject to the approval of this Court pursuant to Bankruptcy Code sections 330 and 331 without regard to whether such attorneys have been retained under Bankruptcy Code section 327, and without regard to whether such attorneys' services satisfy Bankruptcy Code section 330(a)(3)(C).

5.      PJT shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any

3

applicable orders of this Court; *provided, however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules and Local Rule 2016-2 are hereby modified such that PJT's restructuring professionals shall only be required to maintain summary records in half-hour increments describing each professional's tasks on a daily basis in support of each fee application, including reasonably detailed descriptions of those services and the individuals who provided those services, and will present such records to this Court.

6. Notwithstanding anything to the contrary herein, the fees and expenses payable to PJT pursuant to the Engagement Agreement shall be subject to review only pursuant to the standards set forth in Bankruptcy Code section 328(a) and shall not be subject to the standard of review set forth in Bankruptcy Code section 330, except by the U.S. Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of PJT's compensation and expense reimbursements under Bankruptcy Code sections 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of PJT's compensation.

7. The indemnification provisions set forth in **Attachment A** to the Engagement Agreement are approved, subject during the pendency of these cases to the following modifications:

   a. PJT shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

   b. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no

4

        obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final) to have arisen from that person's gross negligence, bad faith, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of PJT's contractual obligations unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artist Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified herein; and

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, PJT believes that it is entitled to payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement, including, without limitation, the advancement of defense costs, PJT must file an application before this Court, and the Debtors may not pay any such amounts to PJT before the entry of an order by this Court approving the payment. This paragraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for payment by PJT for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PJT.

8.    Notwithstanding any provision in the Engagement Agreement to the contrary, the contribution obligations of the Indemnified Parties shall not be limited to the aggregate amount of fees actually received by PJT from the Debtors pursuant to the Engagement Agreement, this Order, or subsequent orders of this Court.

9.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

10. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2016
Wilmington, Delaware

_____
BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE