# EXHIBIT D

**Cuminale Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------x
                                                      :
In re                                             :         Chapter 11
                                                      :
HALCÓN RESOURCES                 :         Case No. 16-11724 (BLS)
CORPORATION, *et al.*,                :
                                                     :         Jointly Administered
                  Debtors.[1]             :
---------------------------------------------------------x

**DECLARATION OF JAMES CUMINALE IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
EMPLOYMENT  AND RETENTION OF PJT PARTNERS LP AS INVESTMENT
BANKER, NUNC PRO TUNC TO THE PETITION DATE AND (II) WAIVING
<u>INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(d)</u>**

I, James Cuminale, declare:

       1.       I am General Counsel of PJT Partners LP ("**PJT**").  I am responsible for, among other things, supervising the compliance function at PJT.  As part of that job, PJT maintains, for purposes of monitoring and avoiding conflicts of interest, a list (the "**Restricted List**") of companies with which PJT is doing business, either as an advisor or with respect to which PJT is in possession of material nonpublic information or has entered into a confidentiality agreement.  I submit this declaration (this "**Declaration**") in support of the *Application of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014 and Local Rule 2014-1 (I) Authorizing the Employment and Retention of PJT Partners LP as Investment Banker,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Halcón Resources Corporation (0684); Halcón Holdings, Inc. (5102); HK Resources, LLC (9194); The 7711 Corporation (4003); Halcón Gulf States, LLC (2976); Halcón Louisiana Operating, L.P. (9727); Halcón Field Services, LLC (0280); Halcón Energy Properties, Inc. (5292); Halcón Operating Co., Inc. (3588); Halcón Williston I, LLC (9550); Halcón Williston II, LLC (9676); Halcón Resources Operating, Inc. (4856); HRC Energy Louisiana, LLC (1433); HRC Energy Resources (WV), Inc. (2713); HRC Production Company (3501); Halcón Energy Holdings, LLC (0538); HRC Energy, LLC (5010); HK Energy, LLC (8956); HK Louisiana Operating, LLC (4549); HK Oil & Gas, LLC (0502); HK Energy Operating, LLC (8107); HRC Operating, LLC (5129).  The Debtors' mailing address is 1000 Louisiana Street, Suite 6700, Houston, Texas 77002.

*Nunc Pro Tunc to the Petition Date and (II) Waiving Information Requirements of Local Rule 2016-2(d)*, filed contemporaneously herewith (the "**Application**").[2]

2. On July 28, 2016, my colleagues and I received a list of parties in interest (the "**PII**") provided by the Debtors.

3. The PJT Legal and Compliance Department has undertaken a review of the PII to determine possible connections relating to the Debtors and, subject to the foregoing limitations and the following disclosures, no material connections have been found.

   a. PJT has been engaged to provide financial advisory services to the official committee of unsecured creditors of Molycorp Inc. in connection with the chapter 11 cases of Molycorp Inc. and certain of its affiliates. Franklin Advisors Inc. and Franklin Templeton Investments, two of the PII, are creditors of Molycorp Inc. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

   b. PJT has been engaged to provide financial advisory services to Verizon Communications, Inc., one of the PII, in connection with Verizon Communications, Inc.'s acquisitions of Telogis, Inc. and Fleetmatics Group Plc. These engagements are wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by these engagements.

   c. PJT has been engaged to provide financial advisory services to Triangle USA Petroleum Corporation, one of the PII and an affiliate of other PII, in connection with the chapter 11 cases of Triangle Petroleum Corporation, one of the PII, and certain of its affiliates. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

   d. PJT has been engaged to provide financial advisory services to a group of creditors in connection with an engagement, the nature of which cannot be disclosed for confidentiality reasons. One of the PII, whose identity cannot be disclosed for confidentiality reasons, and one or more of its affiliates are members of such group of creditors. In addition, Jones Day, another PII, represents the group of creditors. This engagement is wholly

---

[2] Capitalized terms used but not otherwise defined in this Declaration have the meanings used in the Application.

2

      unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

e.    PJT has been engaged to provide financial advisory services to Venoco Inc. in connection with Venoco Inc.'s bankruptcy. Bracewell & Giuliani LLP, one of the PII, is counsel to Venoco Inc. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

f.    PJT has been engaged to provide financial advisory services to Energy XXI Ltd., one of the PII, and its affiliates in connection with Energy XXI Ltd. and its affiliates' chapter 11 cases. In addition, Vinson & Elkins, LLP, one of the PII, is counsel to Energy XXI Ltd. Both of these engagements are wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by these engagements.

g.    PJT has been engaged to provide financial advisory services to a group of noteholders in connection with the chapter 11 case of Penn Virginia Corp., one of the PII. In addition, Wells Fargo Bank, N.A., one of the PII, is the administrative agent for the notes. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

h.    PJT has been engaged to provide financial advisory services to Key Energy Services, Inc., one of the PII, in connection with its out-of-court restructuring. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

i.    PJT has been engaged to provide financial advisory services to CHC Group Ltd. in connection with CHC Group Ltd.'s bankruptcy. Weil, Gotshal & Manges LLP, one of the PII, is counsel to CHC Group Ltd. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

j.    PJT has been engaged to provide financial advisory services to certain lenders of Energy & Exploration Partners Inc. and certain of its affiliates, each PIIs, in connection with its out-of-court restructuring. Weil, Gotshal & Manges LLP, one of the PII, is counsel to the lenders. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

k. PJT has been engaged to provide financial advisory services to National Public Finance Guarantee Corp. in connection with the financial distress of The Commonwealth of Puerto Rico. Weil, Gotshal & Manges LLP, one of the PII, is counsel to National Public Finance Guarantee Corp.. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

l. PJT has been engaged to provide financial advisory services to Sanjel Corporation, one of the PII, in connection with Sanjel Corporation's chapter 11 case. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

m. PJT has been engaged to provide financial advisory services to Comcast Corporation, one of the PII, in connection with Comcast Corporation's potential acquisition of DreamWorks Animation SKG. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interest of the Debtors or their estates are adversely affected by this engagement.

n. PJT is currently representing Wilmington Savings Fund Society, as administrative and collateral agent for certain secured lenders, in connection with The Sports Authority, Inc.'s chapter 11 cases. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interest of the Debtors or their estates are adversely affected by this engagement.

o. PJT has been engaged to provide financial advisory services to one of the PII, and may provide services to certain of its affiliates who are also PIIs, whose identities cannot be disclosed for confidentiality reasons, in connection with an engagement, the nature of which cannot be disclosed for confidentiality reasons. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

p. PJT has been engaged to provide financial advisory services to the official committee of unsecured creditors of Quicksilver Resources Inc., one of the PII, in connection with Quicksilver Resources Inc.'s chapter 11 cases. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

q. As discussed in the Coleman Declaration, PJT was spun off from The Blackstone Group L.P. in October of 2015. Paul D. Huffard IV (a/k/a Flip Huffard), one of the PII, was formerly a Senior Managing Director in The

4

        Blackstone Group L.P.'s Restructuring and Reorganization Group. Mr. Huffard has not had and currently has no affiliation with PJT and PJT does not believe that the interest of the Debtors or their estates are adversely affected by this possible connection.

4. PJT currently holds no direct or indirect interest in any debt or equity securities of the Debtors.

5. To the best of my knowledge, except as disclosed herein: (i) PJT has no material connection with any of the Debtors, the Debtors' creditors, the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants; (ii) PJT (and PJT's professionals) are not creditors, equity security holders or insiders of any of the Debtors; (iii) neither PJT nor any of its professionals is or was, within two years of the date of the Debtors' filing of these Chapter 11 Cases, a director, officer, or employee of the Debtors; and (iv) neither PJT nor its professionals holds or represents an interest materially adverse to the Debtors, their estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason. Accordingly, I believe that PJT is a "disinterested person" as defined in section 101(14) of title 11 of the United States Code (the "**Bankruptcy Code**"), as modified by section 1107(b) of the Bankruptcy Code and PJT's employment is permissible under sections 327(a) and 328(a) of the Bankruptcy Code.

6. PJT has performed reasonable due diligence for possible conflicts with the PII in the Debtors' Chapter 11 Cases. The following is a list of the categories that PJT has searched with respect to the PII:

        a. Debtors
        b. Non-Debtor Affiliates/Subsidiaries
        c. Trade Names and Aliases (up to 8 years) (a/k/a, f/k/a, d/b/a)

d. Current and Former Directors
e. Current and Former Management
f. Affiliations of Officers and Directors (current &former up to last 3 years)
g. Agents for RBL Loan
h. RBL Syndicated Lenders
i. Trustee for Second and Unsecured Notes
j. Trustee for the Third Lien Notes
k. Holders of Second Lien Notes (as of 2/29/2016)
l. Holders of Third Lien Notes
m. Holders of Unsecured Notes
n. Holders of the Convertible Note (and related owners of Halres)
o. Preferred Stockholders
p. Common Stockholders > 1%
q. Parties to Litigation
r. Lien Claimant Parties
s. Potential Parties in Litigation
t. Professionals to be Retained
u. Creditor / Ad Hoc Group Professionals
v. Insurance Providers
w. Top 100 Accounts Payable (as of 5/9/2016)
x. Royalties (as of 3/31/2016)
y. Operators
z. Suspense
aa. Significant Customers
bb. Competitors
cc. Regulatory Agencies
dd. Taxing Authorities
ee. Utility Companies
ff. Landlords
gg. Material Vendors
hh. Delaware Bankruptcy Judges
ii. Office of the United States Trustee
jj. Top 30 Unsecured Creditors (as of 7/22/2016)
kk. Ordinary Course Professionals
ll. Restructuring Support Agreement Parties

7. The list of PII was provided by the Debtors and may change during the pendency of the Debtors' Chapter 11 Cases. Should PJT learn that a relationship with any of the PII should be disclosed in the future, a supplemental declaration with such disclosure will be promptly filed.

WEIL:\95781420\11\51351.0003

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated:  August 1, 2016

By: /s/ James Cuminale
James Cuminale
General Counsel
PJT Partners LP